**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DAVID BOYD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1822-M |
| | § | |
| GUIDANT SALES CORPORATION, | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Defendant's Motion for Summary Judgment.  Having considered the motion, briefs, and supporting evidentiary submissions of all parties, and for the reasons set forth below, the Court concludes that a genuine issue of material fact exists as to Plaintiff's claims against Defendant and therefore Defendant is not entitled to summary judgment as a matter of law.  Accordingly, Defendant's Motion for Summary Judgment should be **DENIED**.

<u>Background</u>

Plaintiff David Boyd was fired from his position as a sales representative for Defendant Guidant Sales Corporation ("Guidant") on August 2, 2004, at the age of 59.  In its termination memorandum to Plaintiff, Guidant's Reigional Manager, Cary Paulette, cited Plaintiff's "continuation of unprofessional behavior, discontent from both internal and external customers and [Plaintiff's] failure to maintain acceptable level of performance" as the reasons for his termination.

As a sales representative, Plaintiff sold bradycardia products (pacemakers), implantable

cardio defibrillator products (ICD or tachy), and heart failure devices.  Plaintiff began working in

the industry in 1976, first with a company called Medtronic and then with a company called

Intermedics.  Plaintiff was an independent sales representative for Intermedics operating through

his own corporation, Cardiovascular Technology, Inc. ("CTI").  In February 1999, Defendant

bought out Intermedics and, with a deal involving $640,000 and 10,000 shares of Defendant's

stock, hired Plaintiff and acquired CTI's goodwill.

On September 13, 2005, Plaintiff filed his Complaint in this case, alleging claims under

the Age Discrimination in Employment Act ("ADEA") and Texas Commission on Human Rights

Act.  Defendant filed its Motion for Summary Judgment on October 5, 2006, claiming that it had

legitimate, non-discriminatory reasons for terminating Plaintiff's employment, namely Plaintiff's

allegedly inappropriate behavior towards co-workers, customers, and customers' patients.[1]

Defendant first addressed these issues with Plaintiff in a 60-day performance improvement plan

("PIP") issued on August 5, 2002, precipitated by a complaint lodged on July 26, 2002 by a nurse

and a patient's family for his allegedly rude and insensitive demeanor.

Although Plaintiff successfully achieved the goals outlined in that first PIP, Defendant

placed Plaintiff on a 30-day evaluation and final warning on March 1, 2004.  Defendant's

Regional Manager, Bill Boulter, advised Plaintiff that Defendant had received complaints from

customers regarding Plaintiff's customer service and that Plaintiff was failing to use company

computer programs properly.

The event that resulted in Plaintiff's firing occurred on July 30, 2004, and concerned the

---

[1]  Plaintiff claims that Defendant "set him up to fail by setting unreasonable and unobtainable
sales goals."  The arguments regarding the sales goals, however, are not relevant to the
Defendant's Motion for Summary Judgment because Defendant is not claiming to have based its
termination of Plaintiff's employment on Plaintiff's failure to reach these goals.  *See* Defendant's
Brief in Support of Its Motion for Summary Judgment at 20.

"continuation of unprofessional behavior [and] discontent from both internal and external customers," cited by Defendant in its termination memorandum to Plaintiff.  Katie Chapman, a nurse at Fort Worth Heart, called Plaintiff to ask about a malfunctioning device.  The evidence shows that Plaintiff refused to go check the device and told the nurse to send the patient to the clinic instead.  Nurse Chapman then called Defendant's technical consultants to ask for help but was reluctant to identify Plaintiff as the unhelpful sales representative.  When the technical consultant contacted Plaintiff, Plaintiff "was very irate" and demanded to know who called in with the complaint.  When the technical consultant identified Nurse Chapman as the caller, the technical consultant reported that Plaintiff stated, "I'm gonna call that bitch back and set her straight, this is bullshit."  After inquiry from Plaintiff's supervisor, other employees at Fort Worth Heart registered complaints about Plaintiff's demeanor and attitude.

## Summary Judgment Standard

Summary judgment is warranted when the facts as shown in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Pourgholam v. Advanced Telemarketing Corp.*, No. 3:01-CV-2764-H, 2004 Westlaw 1283963, at *2-3 (N.D. Tex. June 9, 2004).  "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case."  *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322–25).  Once the movant carries its initial burden, the

burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. FED. R. CIV. P. 56(e). The court must review all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses," and disregarding the evidence favorable to the movant that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor of the nonmovant." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993)).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991). However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts. *Lynch*, 140 F.3d at 625. Further, the party opposing summary judgment must do more than simply show some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

<u>Analysis</u>

## I. Standard to Apply in Age Discrimination Case

The standard the Court applies in an age discrimination case such as this one depends upon the type of evidence presented by the plaintiff.  If the plaintiff presents direct evidence of discrimination, then "the burden of proof shifts to the employer to establish by a preponderance of the evidence that the same decision would have been made regardless of the forbidden factor." *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 192 (5th Cir. 2001) (internal quotation omitted).  If the plaintiff presents only circumstantial evidence, then the court applies a modified *McDonnell Douglas* framework:

> [T]he plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motives alternative).

*Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).  "[I]n order for comments in the workplace to provide sufficient evidence of discrimination, they must be 1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the terminations; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Krystek v. Univ. of S. Miss.*, 164 F.3d 251, 256 (5th Cir. 1999) (internal quotation omitted).

## II. Plaintiff's Summary Judgment Evidence

In support of his claim of age discrimination, Plaintiff has presented three principal

exhibits: excerpts from his deposition and the affidavits of Robert Hodges and Cary Paulette. The Court will consider these pieces of evidence in turn to determine whether Plaintiff has presented evidence of age discrimination and, if so, whether that evidence is direct or circumstantial.

### A. Plaintiff's Deposition

Plaintiff points to statements made on two separate occasions as evidence of age discrimination. First, Plaintiff alleges that Spencer Williamson and Steve Knight asked Plaintiff in October 1998, when Plaintiff was 53 years old, how long Plaintiff was planning to work. Depo. at 71–72; App. 9–10. Plaintiff also alleges that after Plaintiff had a heart attack in 2002, Bill Boulter offered to buy him out, but that Plaintiff refused the offer because he wanted to continue to work while his children were in college. Depo. at 72–73; App. 10–11.

Neither of these allegations provide sufficient evidence of discrimination, pursuant to the test set out in the *Krystek* opinion. The comments were not made proximate in time to the termination, which occurred in 2004, and were not made by an individual with authority over the employment decision. Furthermore, Plaintiff has failed to show how these comments are at all related to the employment decision at issue. The excerpts from Plaintiff's deposition are neither direct nor circumstantial evidence of age discrimination.

### B. Hodges and Paulette Affidavits

Plaintiff relies on the following paragraph in Robert Hodges's affidavit as evidence of age discrimination:

> In June or July of 2004, while I was in Guidant's Dallas office, I overheard a conversation between Roger Owens, Area Director, and Cary Paulette, Regional Manager, about Dave Boyd's then recent heart attack. Roger Owens was

6

complaining that Dave Boyd sure had a lot of health problems.  Roger Owens also expressed discontent about Dave Boyd's age and was questioning Cary Paulette about how much longer Dave Boyd was going to be around and working.

Plaintiff's App. 45, ¶5.

Plaintiff draws the Court's attention to several statements in the Affidavit of Cary Paulette, who was Plaintiff's direct supervisor from January 1, 2004, until Plaintiff's termination in August 2004, as evidence of age discrimination:

• "Roger Owens told me that he wanted Dave Boyd 'out of here' and to document everything so when the time came, he could get rid of Dave Boyd."  Plaintiff's App. 63, ¶9.

• "Roger Owens began targeting certain individuals, all over the age of forty for unfavorable employment actions.  He said they were making too much money and we could 'hire younger people who were cheaper.'"  Plaintiff's App. 63, ¶10.

• "In June or July of 2004, while I was in Guidant's Dallas office, Roger Owens complained to me about Dave Boyd's then recent and second heart attack and about Dave Boyd's health problems.  Rogers Owens also expressed discontent about Dave Boyd's age and questioned me about how much longer I thought Dave Boyd was going to be around and working."  Plaintiff's App. 64, ¶16.

• "In a meeting I attended, Roger Owens complained openly, 'for what I'm paying one Bob Hodges, I can have two 25 year old FCRs who will work for me 24 hours a day, seven days a week without thinking twice about it.'  At that time Bob Hodges was a Guidant sales rep who was over forty years of age."  Plaintiff's App. 65, ¶18.

• "Even though I felt Dave Boyd was doing a good job at Guidant, I was pressured by Roger Owens to give Dave Boyd negative personnel evaluations."  Plaintiff's App. 65, ¶19.

• "Looking back, I believe there was an age related theme at Guidant, since the people who were targeted for negative employment actions, including termination, were all over forty years of age and the people hired were under thirty-two years of age."  Plaintiff's App. 65, ¶23.

Plaintiff has produced evidence of age discrimination.  The statements made by Roger Owens, which are reflected in paragraphs 10, 16, and 18 of Paulette's affidavit and paragraph 5 of Hodges's affidavit, all relate to the protected class of persons of which Plaintiff is a member.

Though paragraphs 10 and 18 do not contain a date, it may logically be concluded that these comments were made within eight months of Plaintiff's termination, since Roger Owens became Area Director in early 2004.  *See* Plaintiff's App. 63, Paulette's Affidavit at ¶5.  The statements referenced in paragraphs 5 and 16 was made within one or two months of Plaintiff's termination. All of the comments were allegedly made by Roger Owens, the area director who had authority over Plaintiff's employment and, according to the summary judgment evidence, instructed Paulette to terminate Plaintiff's employment.  *See* Plaintiff's App. 65, Paulette's Affidavit at ¶24. Paragraphs 5 and 16 relate to the particular employment decision at issue.

All these allegations taken together constitute direct evidence of a general hostility to older workers, including Plaintiff, and of a desire to terminate their employment, and circumstantial evidence that termination of Plaintiff's employment was based, at least in part, on that animus.  These statements do not constitute direct evidence of discriminatory animus since, if believed, these statements still do not prove the fact of discriminatory animus in the termination decision without inference or presumption.  *Brown v. East Miss. Elec. Power Ass'n*, 989 F.2d 858 (5th Cir. 1993).  Plaintiff's evidence is similar in kind to the evidence evaluated in *Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir. 1995).  In *Mooney*, the trial plaintiffs complained of statements made by their supervisors regarding company policy "to get rid of the older employees with the higher salaries" and statements that certain employees had "a good case against Aramco for age discrimination."  *Id.* at 1219.  The court held that while these statements constituted circumstantial evidence of discriminatory animus, the statements were not direct evidence of discrimination since inferences had to be drawn to reach the conclusion that the defendant "actually relied on" the plaintiffs' ages in terminating their employment.  The Court finds that Plaintiff's evidence is likewise circumstantial, but not direct, evidence that termination

of Plaintiff's employment was based on discriminatory animus.

Defendant argues that Paulette's affidavit is not competent summary judgment evidence, intimating that Paulette's testimony has been influenced by an alleged grudge he holds against Defendant since his own termination.  This argument, however, goes to the weight, and not the admissibility, of the evidence and should be left for the jury to determine.

Defendant also argues that the comments made about Plaintiff's health are not proper evidence of discriminatory animus.  The cases Defendant cites for this proposition, however, do not hold that comments about health can never be associated with age discrimination.  *See Dockins v. Benchmark Commc'ns*, 176 F.3d 745, 749 (4th Cir. 1999) (employer's mention of plaintiff's health "not surprising . . . since [plaintiff] had on several occasions approached [employer] to ask for time off due to illness"); *Holley v. Sanyo Mfg., Inc.*, 771 F.2d 1161, 1166 (comments about heart problems in personnel file not evidence of discriminatory animus since "[h]eart problems . . . may arise at any age").  Since the evidence in this case associates health problems with comments about the Plaintiff's age, these cases are not applicable.

## III.  Application of Standard

Since Plaintiff has presented circumstantial evidence of discrimination as part of its summary judgment proof, the Court will apply the modified *McDonnell Douglas* framework.  First, Plaintiff has presented a prima facie case of age discrimination.   Plaintiff has produced evidence that he was within the protected group at the time he was fired, that he was qualified to perform his job duties at the time of his termination, and that he was replaced by a younger individual with less experience than Plaintiff.  Defendant does not contest that Plaintiff has established a prima facie case of age discrimination.  *See* Defendant's Brief in Support of Its

Motion for Summary Judgment at 9.

Defendant has articulated a legitimate, non-discriminatory reason for its decision to terminate Plaintiff: the numerous complaints it received from its employees and customers regarding Plaintiff's personality and attitude.  Plaintiff does not deny that Defendant received these complaints and therefore is unable to establish that Defendant's stated reason for the termination was a pretext for discrimination.

However, Plaintiff has presented competent summary judgment evidence in the form of the Hodges and Paulette affidavits to create a genuine issue of material fact that Defendant's reason for the termination, while true, is only one of the reasons for its conduct, and another 'motivating factor' was Plaintiff's age.  The Court finds that the statements referenced in these affidavits were "1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the terminations; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Krystek v. Univ. of S. Miss.*, 164 F.3d 251, 256 (5th Cir. 1999).  The Court therefore finds that summary judgment is not appropriate since Plaintiff has established a genuine issue of material fact that Plaintiff's age was a motivating factor for Defendant's termination of Plaintiff's employment.

**IV. Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED** in its entirety.

**SO ORDERED.**

**DATED**: February 7, 2007.

10

_____

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**